UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                          |   |                       |
|--------------------------|---|-----------------------|
| ROY DUMAS,               ) |                       |
|    Petitioner, ) |                       |
|                          ) | CIVIL ACTION          |
| v.                       ) | NO. 17-40053-TSH      |
|                          ) |                       |
| COLETTE GOGUEN,          ) |                       |
|    Respondent.  ) |                       |

# Memorandum Of Decision
### March 6, 2018

**HILLMAN, D.J.**

## Background

Ray Dumas ("Dumas" or "Petitioner") has filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 1)("Petition") alleging three grounds for relief. Specifically, Petitioner asserts the following claims in his Petition[1]:

**Ground One:** The Defendant's Federal Constitution Rights were violated when DNA Supervisor, Kerly Fenesan, was allowed to testify to work performed by criminalist Sherri Crook when Ms. Crook's Criminalistics Report was introduced at trial. This was contrary to and an unreasonable application of the Supreme Court's holding in *Melendez-Diaz v. Massachusetts*.

**Ground Two:** Defendant received constitutionally ineffective assistance of appellate counsel where the Supreme Court decided *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (209) before the defendant filed his appellate brief but appellate counsel failed to challenge the admission of the Criminalistics Report- and the testimony of Kelly Fenesan as a "substitute analyst." This was contrary to

---

[1] Because the Petitioner is proceeding *pro se,* his pleadings will be construed liberally. *See Ashmont v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

and an unreasonable application of the Supreme Court's holding in *Strickland v. Washington,* and *Me1endez.-Diaz v. Massachusetts.*

**Ground Three:** The trial court abused its discretion when it denied the defendant's motion for post-conviction discovery of the "Entire Lab File" where the testimony of Kelly Fenesan, DNA Supervisor, leaves doubt that she personally had a hand in testing DNA evidence submitted by the defendant and the complainant, especially where it appears that they were tested by Assigned DNA Analyst: Dominique Savinielli. This denied the petitioner a fair trial, which he is entitled to under the United States Constitution.

This Memorandum of Decision and Order addresses Respondent Colette Goguen's Motion To Dismiss Petition For Writ Of Habeas Corpus (Docket No. 14). For the reasons set forth below, this motion is *allowed*.

## Discussion

Respondent has filed a motion to dismiss the Petition as time barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d)(1), *et seq.*, which requires a state prisoner to file his federal habeas petition within one year of the date on which his state conviction becomes final. Respondent asserts that Dumas's conviction became final in April 2011 when he failed to file an application for leave to obtain further appellate review ("ALOFAR") with the Supreme Judicial Court of Massachusetts ("SJC") after the Massachusetts Court of Appeals ("MAC") denied his direct appeal. Dumas did not file his Petition until April 2017. Dumas asserts that his appeal is timely because the Grounds For Relief raised his Petition were first presented to the state court in his post-conviction motions filed in 2014-- the SJC denied his ALOFAR seeking review of the MAC's affirmance of the trial court's denial of those claims on March 6, 2017, and his Petition was filed within a year of that denial.

Dumas also argues that if this Court determines that his Petition is time barred, extraordinary circumstances exist which warrant the application of equitable tolling.[2]

On April 24, 1996, the statutes governing habeas corpus petitions for prisoners in state and federal custody were amended by the AEDPA to impose a one year statute of limitations period on the filing of all non-capital habeas petitions in federal courts. *See* 28 U.S.C. §2244(d)(1); *see also Zuluaga v. United States*, 971 F.Supp. 616 (D.Mass. 1997). In general, for prisoners in state custody, the limitations period begins to run on "the date which the judgment becomes final by conclusion of direct review or the expiration of the time for such review." 28 U.S.C. §2244(d)(1)(a). The Respondent's supporting memorandum sets out the factual and procedural background of this case in detail and includes a comprehensive discussion of the applicable legal standards. Based on the legal arguments set forth in the Respondent's memorandum, which I adopt, I find that Dumas's Petition is barred by the AEDPA's one year statute of limitations and therefore, must be dismissed.[3]

---

[2] The doctrine of equitable tolling generally enables a court to extend the statute of limitations for reasons generally not provided for in the applicable statute. However, it is "'the exception rather than the rule ... [and] resort to its prophylaxis is deemed justified only in extraordinary circumstances.' To establish a foundation for equitable tolling in the federal habeas context, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. We apply equitable tolling on a case-by-case basis, avoiding mechanical rules and favoring flexibility." *Holmes v. Spencer*, 685 F.3d 51, 62 (1st Cir. 2012) (internal citations, quotation marks and citations to quoted cases omitted). Moreover, the "extraordinary circumstance" must be something that caused the untimely filing-- that the grounds for relief asserted by the petitioner are meritorious does not constitute an "extraordinary circumstance."

[3] Because they are essentially dispositive of the statute of limitations issue, I want to highlight the following aspects of the Respondent's argument: (1) Dumas's state court conviction became final on April 26, 2011 (the last date on which he could have filed an ALOFAR from the MAC's affirmance of his conviction). Therefore, the one year statute of limitations for filing a petition for habeas review in this Court expired on April 26, 2012—he did not file his Petition in this Court until April 27, 2017. Dumas did not file his first motion for post-conviction relief in state court on March 24, 2014 and the motion for new trial, which Dumas asserts raised the claims which are the subject of his Petition, was not filed until December 4, 2014—well after the expiration of the statute of limitations. A newly filed motion for post-conviction relief cannot revive an expired statute of limitations, where, as in this case, the Commonwealth of Massachusetts did not create an impediment to a timely filing of the petition, the petitioner is not asserting a newly recognized constitutional right (the Supreme Court case on which Dumas relies, *Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 129 S.Ct. 2527 (2009), was issued prior to his filing of his direct appeal), and petitioner does not raise claims that could not have been raised through the exercise of due diligence.

## Conclusion

It is Ordered that:

Respondent Colette Goguen's Motion To Dismiss Petition For Writ Of Habeas Corpus (Docket No. 14) is ***granted***.

## CERTIFICATE OF APPEALABILITY

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029 (2003). In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

Dumas failed to file his Petition within one year of the date that his conviction became final by the expiration of the time for seeking direct review from the SJC. The filing of his first

---

*See* 28 U.S.C. §2244(d)(1)(B-D); *Delaney v. Matesanz,* 264 F.3d 7, 11 (1st Cir. 2001). As pointed out by the Respondent, the MAC concluded that Dumas's claims regarding Fenesan's testimony and the admission of the Criminalistics' Report were both raised and rejected in his direct appeal, while the claim for ineffective assistance of appellate counsel was found waived for failure to raise it in his first motion for new trial (the state courts addressed and denied the claim under a miscarriage of justice standard); and (2) Dumas has not established that he diligently pursued his claims, or that extraordinary circumstances which prevented him from making a timely filing, and therefore, he cannot invoke equitable tolling.

motion for post-conviction relief, nearly two years after the expiration of his right to seek further appellate review, did not revive the statute of limitations. Moreover, Dumas cannot establish that the Commonwealth of Massachusetts impeded the filing of a timely petition, that his Petition raises claims based on a newly created constitutional right, or that the claims in question could not have been timely raised in the exercise of due diligence. Additionally, he cannot establish that there are extraordinary circumstances which warrant the application of equitable tolling. Accordingly, reasonable jurists could not debate that Dumas's Petition is time-barred.

I am denying a certificate of appealability with respect to all grounds for relief asserted in the Petition because I find that Petitioner cannot demonstrate that reasonable jurists could debate whether his claims should be resolved in a different manner, or that there is any basis to proceed further with the issues he has presented.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE